ALB:NDB/RSB
F. #2020R00860

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- against -<br><br>HAIYAN LIAO,<br>    also known as "daisy_liao," and<br>NED MICHAEL MORIEARTY,<br>    also known as "dr_mikem,"<br><br>                    Defendants. | I N D I C T M E N T<br><br>Cr. No. 1:20-cr-00500 (SJ)(CLP)<br>_____<br>(T. 8, U.S.C., §§ 1324(a)(2)(B)(ii) and 1324(b); T. 18, U.S.C., §§ 371, 982(a)(1), 982(a)(6)(A), 982(b)(1), 1956(h), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c)) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    <u>The B-1/B-2 Visa Program</u>

        1.    Generally, a foreign national ("Alien") who wished to enter the United States was required to first obtain a visa from the United States Government: either a nonimmigrant visa for a temporary stay, or an immigrant visa for permanent residence. The Department of State ("DOS") issued nonimmigrant visas for persons who wanted to enter the United States: temporarily for business under visa category B-1; for tourism, under visa category B-2; or both purposes under visa category B-1/B-2 (collectively "Visitor Visas"). Visitor Visas were valid for 10 years after issuance.

        2.    To obtain a Visitor Visa, an Alien was required to submit a Nonimmigrant Visa Application ("Form DS-160") to DOS and schedule an appointment for

a Visitor Visa interview. Generally, the visa interview would take place at a United States Embassy or Consulate in the Alien's home country. The Form DS-160 included questions related to an Alien's purported tourist or business activities. An Alien was required to answer these questions under penalty of perjury, pursuant to Title 28, United States Code, Section 1746.

3. Receiving a Visitor Visa from DOS was a privilege, not a right. To be granted a nonimmigrant visa to visit the United States, applicants were required to overcome the presumption in the Immigration and Nationality Act, set forth in Title 8, United States Code, Section 1184(b), that all visa applicants are immigrants who intend to remain in the United States.

II. The Defendants

4. The defendant HAIYAN LIAO, also known as "daisy_liao," was a Chinese-born, naturalized United States citizen and resident of Las Vegas, Nevada.

5. The defendant NED MICHAEL MORIEARTY, also known as "dr_mikem," was a United States citizen and resident of Las Vegas, Nevada. MORIEARTY lived with LIAO.

III. The Scheme to Unlawfully Bring Aliens to the United States

6. In or about and between January 2014 and December 2015, both dates being approximate and inclusive, the defendants HAIYAN LIAO, also known as "daisy_liao," and NED MICHAEL MORIEARTY, also known as "dr_mikem," together with others, engaged in a scheme to assist Aliens seeking to enter the United States and charge them fees for fraudulently obtaining Visitor Visas by submitting and causing to be

2

submitted, Forms DS-160 containing false statements and fraudulent supporting documents to the United States Consulate in Guangzhou, China.

7. As part of the scheme, the defendants HAIYAN LIAO and NED MICHAEL MORIEARTY and their co-conspirators obtained fraudulent documents for Aliens to present to DOS's Bureau of Consular Affairs officers during their Visitor Visa interviews. Among other things, the defendants and their co-conspirators obtained fake birth certificates, national identity cards, property deeds and employment verification for Aliens to make it appear as though they had strong ties to the People's Republic of China ("China") and were likely to return to China, thereby increasing the likelihood that the Aliens would be issued visas.

8. The defendants HAIYAN LIAO and NED MICHAEL MORIEARTY and their co-conspirators then met with Alien applicants and instructed them to answer questions falsely during their visa interviews and provided the Aliens with fraudulent documents to use during their visa interviews.

9. In exchange for obtaining Visitor Visas for the Aliens by facilitating the submission of fraudulent Forms DS-160 to DOS's Bureau of Consular Affairs and coaching the Aliens to provide false information during their interviews, the defendants HAIYAN LIAO and NED MICHAEL MORIEARTY and their co-conspirators were paid thousands of dollars by the Alien visa applicants.

10. To further the scheme, for those Aliens whose applications were approved, the defendants HAIYAN LIAO and NED MICHAEL MORIEARTY and their co-conspirators facilitated the Aliens' travel to the United States, including to Queens and Brooklyn, New York, which included purchasing their airline tickets, accompanying them on

the flights to the United States, and instructing them how to clear customs once they arrived in the United States.

## COUNT ONE
(Conspiracy to Commit Visa Fraud and
Unlawfully Bring Aliens into the United States for Financial Gain)

11. The allegations contained in paragraphs one through 10 are realleged and incorporated as if fully set forth in this paragraph.

12. In or about and between January 2014 and December 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HAIYAN LIAO, also known as "daisy_liao," and NED MICHAEL MORIEARTY, also known as "dr_mikem," together with others, did knowingly and willfully conspire to commit one or more offenses against the United States, to wit:

(a) to defraud the United States by impeding, impairing and obstructing the lawful governmental functions of DOS to administer, regulate, and enforce the regulations and laws relating to the implementation of the B-1/B-2 visa program and to bring Aliens from China by means of B-1 and B-2 visas for the purpose of evading a provision of the immigration laws of the United States and to have individuals apply for B-1 and B-2 visas for the purpose of evading a provision of the immigration laws of the United States, contrary to Title 18, United States Code, Section 1546;

(b) to knowingly subscribe as true, under penalty of perjury under Title 28, United States Code, Section 1746, one or more false statements with respect to material facts in applications, affidavits and other documents required by the immigration laws and regulations prescribed thereunder, to wit: Forms DS-160, and knowingly present

4

such applications, affidavits and other documents, which contained false statements, and failed to contain any reasonable basis in law or fact, contrary to Title 18, United States Code, Section 1546(a); and

(c) to bring, in any manner whatsoever, one or more Aliens to the United States, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such Aliens had not received prior official authorization to come to, enter, and reside in the United States, regardless of any official action which may later be taken with respect to such Aliens, contrary to Title 8, United States Code, Sections 1324(a)(2)(B)(ii).

13. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants HAIYAN LIAO, also known as "daisy_liao," and NED MICHAEL MORIEARTY, also known as "dr_mikem," together with others, did commit and caused to be committed, among others, the following:

## OVERT ACTS

(a) On or about March 21, 2015, LIAO, together with others, caused a Form DS-160 containing false statements to be submitted to the United States Consulate in Guangzhou, China, in order to obtain a B-1/B-2 visa for Alien 1, an individual whose identity is known to the Grand Jury.

(b) On or about March 24, 2015, LIAO met with Alien 1 in Guangzhou, China, to prepare Alien 1 to answer questions and provide false information to DOS's Bureau of Consular Affairs during the Visitor Visa interview. At the meeting, LIAO provided Alien 1 with fraudulent documents to present at the Visitor Visa interview.

(c) On or about March 24, 2015, LIAO sent herself an email that attached a copy of a false birth certificate for Alien 1, which Alien 1 used, as instructed by defendant LIAO, the following day at Alien 1's Visitor Visa interview at the United States Consulate in Guangzhou, China.

(d) On or about May 8, 2015, LIAO accompanied Alien 1 on a flight from Seoul, South Korea to Las Vegas, Nevada.

(e) On or about May 9, 2015, LIAO and MORIEARTY accompanied Alien 1 on a flight from Las Vegas, Nevada to Denver, Colorado, and ultimately arriving in Queens, New York.

(f) On or about June 3, 2015, MORIEARTY sent an email to LIAO that attached a picture of a national identification card for Individual 1, an individual whose identity is known to the Grand Jury.

(g) On or about June 3, 2015, MORIEARTY sent an email to LIAO with an attached picture of a national identification card for Individual 2, an individual whose identity is known to the Grand Jury.

(h) On or about August 4, 2015, LIAO caused a Form DS-160 containing false statements to be submitted to the United States Consulate in Guangzhou, China, in order to obtain a Visitor Visa for Alien 2, an individual whose identity is known to the Grand Jury. The DS-160 listed Individual 2 as Alien 2's father, which, in fact, was not true.

(i) On or about August 11, 2015, LIAO met with Alien 2 in Guangzhou, China, and instructed Alien 2 to answer questions falsely during the Visitor Visa interview.

(j) On or about August 12, 2015, as instructed by LIAO, Alien 2 provided false information to DOS's Bureau of Consular Affairs during Alien 2's Visitor Visa interview at the United States Consulate in Guangzhou, China.

(k) On or about September 11, 2015, LIAO accompanied Alien 2 on a flight from Seoul, South Korea to Las Vegas, Nevada.

(l) On or about September 14, 2015, LIAO accompanied Alien 2 on flights from Las Vegas, Nevada to Minneapolis-St. Paul, Minnesota, and ultimately arriving in Queens, New York on or about September 15, 2015.

(m) On or about December 13, 2015, LIAO caused a Form DS-160 containing false statements to be submitted to the United States Consulate in Guangzhou, China, in order to obtain a Visitor Visa for Alien 3, an individual whose identity is known to the Grand Jury. The DS-160 listed Individual 1 as Alien 3's mother, which, in fact, was not true.

(n) On or about December 20, 2015, LIAO met with Alien 3, an individual whose identity is known to the Grand Jury, in Guangzhou, China, to prepare Alien 3 to answer questions during the Visitor Visa interview. At the meeting, LIAO provided Alien 3 with fraudulent documents including a birth certificate, marriage certificate and vehicle title, to present at the Visitor Visa interview.

(o) On or about December 21, 2015, as instructed by LIAO, Alien 3 provided false information and fraudulent documents to DOS's Bureau of Consular Affairs during Alien 3's Visitor Visa interview at the United States Consulate in Guangzhou, China.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNTS TWO THROUGH FIVE
(Unlawfully Bringing Aliens into the United States for Financial Gain)

14. The allegations contained in paragraphs one through 10 are realleged and incorporated as though fully set forth in this paragraph.

15. On or about the approximate dates set forth below, within the Eastern District of New York and elsewhere, the defendants HAIYAN LIAO, also known as "daisy_liao," and NED MICHAEL MORIEARTY, also known as "dr_mikem," together with others, did knowingly and intentionally bring, in any manner whatsoever, one or more Aliens whose identities are known to the Grand Jury, as set forth below, to the United States, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such Aliens had not received prior official authorization to come to, enter, and reside in the United States, regardless of any official action which may later be taken with respect to such Aliens:

| COUNT | DATE | ALIEN |
|---|---|---|
| TWO | May 8, 2015 | ALIEN 1 |
| THREE | September 11, 2015 | ALIEN 2 |
| FOUR | May 8, 2015 | ALIEN 4 |
| FIVE | September 11, 2015 | ALIEN 5 |

(Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIX
(Money Laundering Conspiracy)

16. The allegations contained in paragraphs one through 10 are realleged and incorporated as though fully set forth in this paragraph.

8

17. In or about and between January 2014 and December 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HAIYAN LIAO, also known as "daisy_liao," and NED MICHAEL MORIEARTY, also known as "dr_mikem," together with others, did knowingly and intentionally conspire to transport, transmit and transfer one or more monetary instruments and funds to one or more places in the United States from and through one or more places outside the United States, to wit: the transmittal and transfer of United States currency through wire transmissions of funds from China to the United States, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer would represent the proceeds of some form of unlawful activity, to wit: bringing one or more Aliens to the United States in violation of Title 8, United States Code, Section 1324(a)(2), and knowing that the transportations, transmissions and transfers would be designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(2)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATIONS
### AS TO COUNTS ONE THROUGH FIVE

18. The United States hereby gives notice to the defendants that, upon their conviction of the offenses charged in Counts One through Five, the government will seek forfeiture in accordance with (a) Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit: (i) any conveyance, including any vessel, vehicle or aircraft used in the commission

of such offenses; (ii) any property, real or personal, that is used to facilitate or is intended to be used to facilitate the commission of such offenses; and (iii) the gross proceeds of such offenses, and/or (b) Title 18, United States Code, Section 982(a)(6)(A), which requires any person convicted of such offenses to forfeit of: (i) any conveyance, including any vessel, vehicle or aircraft used in the commission of such offense; and (ii) any property, real or personal, that constitutes, or is derived from or is traceable to, proceeds obtained directly or indirectly from the commission of such offenses or that is used to facilitate, or is intended to be used to facilitate, the commission of such offenses.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 8, United States Code, Section 1324(b); Title 18, United States Code, Sections 982(a)(6)(A) and 982(b)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT SIX

20.     The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Seven, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

21.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)     cannot be located upon the exercise of due diligence;

      (b)     has been transferred or sold to, or deposited with, a third party;

      (c)     has been placed beyond the jurisdiction of the court;

      (d)     has been substantially diminished in value; or

      (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

_____
TERESA MCHENRY
CHIEF, HUMAN RIGHTS AND SPECIAL
PROSECUTIONS SECTION
CRIMINAL DIVISION
DEPARTMENT OF JUSTICE

F.#: 2020R00860

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*HAIYAN LIAO, also known as "daisy_liao" and NED MICHSEL MORIEARTY, also known as "dr_mikem,"*

Defendants.

# INDICTMENT

(T. 8, U.S.C., §§ 1324(a)(2)(B)(ii) and 1324(b); T. 18, U.S.C., §§ 371, 982(a)(1), 982(a)(6)(A), 982(b)(1), 1956(h), 2 and 3551 *et seq.*; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.* Monique Porter

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $*

*Nomi D. Berenson, Assistant U.S. Attorney (718) 254-6308*